DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Craig L. Forest, | ) | |
| | ) | CASE NO. 4:05 CV 2003 |
| Petitioner-Defendant, | ) | 4:01 CR 321 |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

I. Introduction

The petitioner filed his petition to vacate his sentence and conviction in Case No. 4:01 CR 321 on August 16, 2005. The government filed its response on October 28, 2005 (Docket No. 6). The petitioner filed a reply on November 21, 2005 (Docket No. 8).

On February 21, 2006 the Court filed a memorandum opinion denying the petition and also declared that there was no basis for issuing a certificate of appealability (Docket Nos. 9 & 10).

The chamber notes on the docket indicate that the documents identified as Docket Nos. 9 and 10 were mailed to the petitioner at Elkton FCI on February 21, 2006.

The next action in this case was the April 10, 2006 filing of a motion by the petitioner for permission to supplement the initial petition.

The motion stated in relevant part as follows:

> On August 14, 2005, Petitioner filed a section 2255 motion raising the issues of electronic device tap evidence, and ineffective assistance of counsel relating to the same electronic device tap evidence. This Court ordered the government to respond which they did, and Petitioner replied, lending the matter

(4:05 CV 2003)
(4:01 CR 321)

into this Court's advisement.  Petitioner currently awaits the Court's ruling on the matter.

However, very recently, after all the foregoing statement of the case, Petitioner had the opportunity of communicating with his trial attorney, Albert Palombaro, who lamented that Petitioner should have accepted the plea offered by the government prior to trial.  Incidentally, Petitioner had never been privy to this so-called goernment offer.  Upon further inquiry, Petitioner found out that the government did indeed offer up a plea whereby Petitioner and his co-defendant, Herman E. Garner, III, were supposed to enter into a sort of global plea and supposedly testify against someone out of California, for a much lesser sentence that would have been definitely under 10 years.  Petitioner contacted Mr. Garner and asked if he knew anything about his plea deal, and he indicated that he did.  He never mentioned it to this Petitioner, he said, because he thought he knew of it.  Mr. Garner's lawyer told him about it, so he thought Petitioner's lawyer also told him about it.  And by no one bringing the issue up for discussion, Mr. Garner contended, he felt the deal was rejected by advise of counsel.

Petitioner, however, is just now hearing about the offer, and posits that had counsel informed him about it, he would have seriously considered it, and most possibly attempted to convince his co-defendant to consider it.  Petitioner would have taken the plea deal in order to avoid the fifteen-year sentence he faced.  But his lawyer failed to apprise him of the offer.

The Sixth Circuit has held that when a lawyer fails to apprise his client that the government has made an offer, he becomes ineffective, and the client would be entitled to be allowed to consider the offer anew.  See Griffin v. United States, 330 F.3d 733(6th Cir. 2003).

Because counsel in this case was given a plea offer and he failed to let this petitioner know about it, and because Petitioner is now finding out about the offer through counsel and because Petitioner would have seriously considered the offer and accepted it, Petitioner posits that counsel was ineffective in failing to apprise him of the offer which would have saved him more than eight years in prison.

This Court must grant habeas relief based on this claim as well.  Or in the alternative, an evidentiary hearing should be ordered.  See United States v. Booth, 432 F.3d 542(3rd Cir. 2003).  In Booth the Third Circuit held that "[t]he district court is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" id., @ 545-546. (Emphasis added).

2

(4:05 CV 2003)
(4:01 CR 321)

This Court responded with an order filed on denying the motion to supplement which stated in its entirety as follows:

> On April 10, 2006, Petitioner Craig Forest filed a "Request For Permission to Supplement" his 28 U.S.C. Section 2255 motion. In a Memorandum Opinion and Judgement Entry filed on February 21, 2006, the Court denied Forest's petition. The docket reflects that a copy of that decision was mailed to Forest at the Correctional institution where he is incarcerated. See attached "Chambers Notes" in re Docket Nos. 9 & 10.
>
> Accordingly, the request to supplement (Docket No. 11) is denied.
>
> The Court directs the clerk to again mail copies of the Court's Memorandum Opinion and Judgment Entry to Petitioner along with this Order.

On May 5, 2006 the petitioner filed a request for a certificate of appealability which stated as follows:

> COMES NOW, Craig L. Forest, defendant and hereby respectfully moves this Honorable court to issue a certificate of appealability (COA) for this defendant to appeal to the Sixth Circuit the procedural issue of the denial of permission to supplement the Section 2255 motion herein, which order was entered on April 19, 2006.
>
> To appeal the denial of a motion to vacate filed under 28 U.S.C., § 2255, the petitioner must obtain a certificate of appealability. See Federal rules of Appellate Procedure, Rule 22(b). See also, Miller-El v. Cockrell, 537 U.S. 325(2003); Slack v. McDaniel, 529 U.S. 473(2003).
>
> In this case, Defendant's initial section 2255 motion, according to the Court's order of April 19, 2006, was denied on February 21, 2006. Though defendant did not know this because, while an order was sent out, as the docket entry showed, defendant did not receive it, and as such did not know about the denila [sic] order. Defendant sent up a request for permission to supplement his section 2255 claims under the honest belief that it was still not ruled on, until [sic] April 19, 2006 when this court made clear that a denial order was indeed entered and at least was attempted to be sent to this defendant. In any event, the fact that

3

(4:05 CV 2003)
(4:01 CR 321)

>defendant's motion was denied on February 21, 2006 does not mean that defendant's request to supplement under Federal Rules of Civil Procedure, Rule 15 could not be allowed, because under the Anti-Terrorism and Effective Death Penalty Act of 1996 regime, a section 2255 proceeding is not complete until the appeal of it's denial is taken and completed.  See Ching v. United States, 298 F.3d 174(2nd Cir. 2002) (A movant's section 2255 proceeding becomes final when he exhausts the appellate remedies). (Emphasis added).

>In Ching , the Second Circuit held that a defendant can file a Rule 15 amendment or supplement to his initial section 2255 motion as long as the matter had not yet been fully adjudicated on the merits all the way to the appellate reviews within the meaning of 28 U.S.C., § 1291.  The Court went on to say that "[t]he denial of the [] motion was still pending on appeal before this Court and no final decision had been reached with respect to the merits of Ching's claim, "and that its "conclusion that the adjudication of Ching's initial §2255 motion was still ongoing during the period of appellate review is supported by the subsequent timeline [sic] in this case." id., @ 178.

>In this case, as long as the defendant had not filed not even a notice of appeal on the denial of his initial section 2255 motion, his Rule 15 request for supplement to his section 2255 motion should have been allowed.  And in this case, the claims defendant raised in his supplemental submission were newly discovered afer his initial section 2255 motion was filed, and could have been allowed to be raised and decided on the merits as it did not offend the AEDPA's twelve-month statute of limitations requirement.

>For a COA to be granted, a defendant has to make a showing of the denial of a constitutional right.  See Miller El v. Cockrell, supra, or that the Court's procedural ruling in the case is in error.  Id.  Here, this Court denied defendant's request to supplement his section 2255 proceeding with one new claims [sic], apparently because the Court believes he could not review those claims on the merits because he had closed the proceeding by its February 21, 200 ruling.  But Ching says different.  Granted, Ching is from the Second Circuit and this Court does not have to follow it.  this fact alone warrants an issuance of a COA because it entails that jurists of reason (this Court) has disagreed with other jurists of reason (the Second Circuit).  Then it will be upto [sic] the Sixth Circuit, via a COA granted by this Court in good faith, to review the procedural ruling of this Court which is at stark odds with that of he Second Circuit, though not necessarily wrong. The Sixth Circuit could choose to follow the Second Circuit's wisdom or it could choose to ignore it, but in any event it creates a forum for

4

(4:05 CV 2003)
(4:01 CR 321)

> discussion where there could be agreement or disagreement, an exact requirement of the issuance of a COA.
>
> Accordingly, defendant respectfully prays that a COA be issued so that the Sixth Circuit could review this Court's procedural ruling on whether a supplemental submission could be allowed when a section 2255 motion has been denied by the district court but yet not reviewed by the court of appeals as to be regarded as completed.  See Ching.

## II.  The Court's Analysis

The petitioner's claim that he did not receive a copy of the Court's ruling issued on February 21, 2006 (Dockets #9 and 10) has not been rebutted by the government.

The Court is of the view that had the petitioner's motion to supplement the petition been filed prior to the court's ruling in February, it would have been granted and not considered as a successive petition.  See *Ching v. United States,* 298 F.3d 174 (2nd Cir. 2002).

As a consequence, and in the absence of any proof that the petitioner received the February ruling and in recognition that the petitioner is proceeding in a *pro se* capacity, the February order (Dockets Nos. 9 & 10) dismissing the habeas petition is VACATED.  Permission to supplement the petition is granted and the supplement to the petition (Docket No. 11) is deemed filed.

The government is granted leave  June 19, 2006 to respond to the allegations contained in the April 10, 2006 supplement (Docket No. 11).

The Court will delay the petitioner's request for the appointment of counsel until the government response is filed.  The Court will also delay the scheduling of a possible evidentiary

(4:05 CV 2003)
(4:01 CR 321)

hearing until the briefing on the issue of the denial of the effective assistance of counsel has been completed.

The defendant's request for the issuance of a certificate of appealability (Docket No. 13) is DENIED as presently moot, but subject to the petitioner's right to renew the motion in the future.

The clerk is directed to forward a copy of this order to the petitioner at the following address:

>Craig Forest
>FCI Elkton
>P.O. Box 10
>Lisbon, Ohio 44432

A copy this order shall be mailed to the warden of FCI Elkton. The Court requests that the warden certify by May 31, 2006, that a copy of this order has been delivered to the petitioner and identify the employee of FCI Elkton who delivered a copy of the order to the petitioner.

IT IS SO ORDERED.

 May 16, 2006                              */s/ David D. Dowd, Jr.*
Date                                       David D. Dowd, Jr.
                                           U.S. District Judge