DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Craig L. Forest | ) | |
| | ) | CASE NO. 4:05CV2003 |
| Petitioner-Defendant | ) | CASE NO. 4:01CR0321 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| United States of America | ) | |
| | ) | |
| Respondent-Plaintiff | ) | |
| | ) | |

## I. INTRODUCTION

Before the Court is the Petitioner-Defendant's *pro se* petition for *habeas* relief pursuant to 28 U.S.C. § 2255.  For the following reasons, the petition is denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On 06/04/2001, the petitioner, Craig L. Forest, was indicted on 4 counts: 1) conspiracy to distribute cocaine, 2) possession with the intent to distribute cocaine, 3) possession with intent to distribute cocaine, and 4) felon in possession of firearms.  The petitioner was convicted by a jury on all four counts.  The petitioner was sentenced to 188 months in prison.  The petitioner's conviction was affirmed by the Sixth Circuit on January 27, 2004. See *United States v. Forest*, 355 F.3d 942 (6th Cir. 2004), *cert. denied* 543 U.S. 856 (2004).

The petitioner filed a *habeas* petition to vacate his sentence and conviction on August 16, 2005. (Docket No. 1).  The government filed a response on October 28, 2005. (Docket No. 6). The petitioner replied on November 21, 2005. (Docket No. 8).

The petitioner's November 21 petition rests on three allegations.  First he contended that

1

his conviction was obtained by unauthorized wiretaps; second, he was subjected to ineffective counsel at the Sixth Circuit; and third, the conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

On February 21, 2006 the Court filed a memorandum opinion and order denying the petition. (Docket Nos. 9 & 10).  The Court also found no basis for issuing a certificate of appealability.  The Court's docket indicates these documents identified as Docket Nos. 9 & 10 were mailed to the petitioner at Elkton FCI on February 21, 2006.

On April 10, 2006, the petitioner filed a "Request for Permission to Supplement."  In the supplement, the petitioner states he had "the opportunity of communicating with his trial attorney, Albert Palombaro, who lamented that petitioner should have accepted the plea offered by the government prior to trial." The petitioner states a plea offer was not communicated to him, and upon inquiring further, a convicted co-defendant informed him of the existence of a favorable plea agreement with an imprisonment sentence of less than 10 years.  On this basis, the petitioner alleges ineffective assistance of counsel by his trial counsel for failing to communicate a plea offer.

The Court denied the petitioner's request for permission to supplement on April 19, 2006 because the Court had already ruled on the petitioner's 28 U.S.C. § 2255 claim on February 21. (Docket No. 12).

The petitioner contested the April 19 order denying the permission to supplement and alleged he had not received the February 21 ruling. (Docket No. 13).  In absence of any proof that the petitioner received the February 21 ruling and in recognition that the petition was proceeding in *pro se* capacity, the court vacated the February 21 order and granted the petitioner

2

permission to supplement the *habeas* petition. (Docket No. 14).

## III. EVIDENCE PRESENTED

The petitioner has submitted a sworn affidavit stating he did not know of a plea offer, he recently became aware of it, and would have "seriously considered the plea and accepted it" had his lawyer communicated the plea offer. (Docket No. 11-2).

The government's response contains the affidavits of the petitioner's trial attorney, Albert Palombaro, and the assistant United States Attorney, Samuel Yannucii, who supervised the investigation leading to the indictment of the petitioner and was the only attorney for the government throughout the trial of the petitioner. (Docket No. 17-2).

Both affidavits indicate the petitioner had initially expressed an interest in an "off the record" proffer, but at the proffer meeting the petitioner refused to cooperate with the government.  Yannucii states the petitioner expressly stated he did not wish to cooperate with the government at the proffer meeting.  Palombaro also states the petitioner indicated he would not entertain a plea offer because of his past experience in another federal criminal conviction.

Palombaro further indicates he does not recall "any recent communication" with the petitioner "relative to his case or discussion with regards to whether or not a plea agreement was offered" to the petitioner.

Yannucci states he approached Palombaro regarding the possibility of a guilty plea, but Palombaro indicated the petitioner wished to proceed to trial and as a result he never tendered a plea offer to Palombaro.  Palombaro also states no plea offers or agreements were ever offered to him with regard to the petitioner.

3

## IV. STANDARD OF REVIEW

To establish ineffective assistance of counsel a petitioner must meet a two prong test established in *Strickland v. Washington*.  *Strickland v. Washington*, 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  First the petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *United Sates v. Dabelko*, 154 F. Supp. 2d 1156, 1157-58 (2000) (citing *Dabelko v. United States, 2000 U.S. App. LEXIS 9633* (6th Cir. May 3, 2000) (citing *Strickland*, 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 104 S. Ct. 2052)). Next he must "establish that there is a reasonable probability that, but for the incompetence of counsel, he would have accepted the...offer and pled guilty." *Turner v. State*, 858 F.2d 1201, 1206 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 901 (1989); see *Hill v. Lockhart*, 474 U.S. 52, 57, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985). Plaintiff must demonstrate this by objective evidence. *Dabelko*, 154 F. Supp. 2d 1156, 1157-58 (citing *Dabelko, 2000 U.S. App. LEXIS 9633*).  If the petitioner is successful, the burden is then on the government to show by "clear and convincing evidence that the trial court would not have approved the plea arrangement." *Turner*, 858 F.2d at 1209. If petitioner establishes the bases for ineffective assistance of counsel, the court must consider the remedy for such violation, which may include the order for a new trial. See *id.* at 1207-09. "Under the unique facts of that case if relief were to be ordered, a hearing might be required 'at which the [government] is required to show why its former offer...should not be reinstated.'" *Dabelko*, 154 F. Supp. 2d at 1158 (citing *Turner,* 858 F.2d. at 1209 (Ryan J., concurring)).  The Sixth Circuit has held a defense attorney's failure to notify his or her client of a prosecutor's plea offer constitutes ineffective assistance of counsel under the Sixth Amendment and satisfies the first element of the *Strickland* test. *Griffin v. United States*, 330 F.3d 733, 737

4

(6th Cir. 2003).

## V. DISCUSSION AND CONCLUSION

The petitioner's *28 U.S.C. 2255* supplemental claim of ineffective counsel rests on the assertion that his trial attorney did not communicate a plea offer to him. The petitioner alleges the plea agreement was for a sentence of less than 10 years; a sentence he would have seriously considered and accepted.

The evidence the petitioner has provided is his own affidavit stating he did not have knowledge of a plea offer.

The petitioner's trial attorney, Palombaro, and the government's sole attorney trying the case, Yanucci, have each submitted affidavits that no such plea offer ever existed. The petitioner's trial attorney and the government's attorney would have knowledge of the plea offer if one had existed. Yanucci would have had to propose the plea offer to Palombaro and Palombaro would have had to have knowledge of it to fail to communicate it to the petitioner.

In light of Palombaro's and Yanucci's affidavits stating no plea offer ever existed, and the petitioner's affidavit that he was unaware of a plea offer, the Court finds no basis to hold an evidentiary hearing.[1]

In the absence of evidence that a plea offer ever existed, the petitioner's objective evidence fails to "show that counsel's representation fell below an objective standard of

---

[1]The Court if mindful of the Sixth Circuit's decision in *Dabelko*, *2000 U.S. App. LEXIS 9633*. Credible evidence has not been presented in this case to suggest the existence of a plea offer or the need for an evidentiary hearing. In cases where an evidentiary hearing has been appropriate, credible evidence pointed to the existence of a plea agreement. See *Guerrero v. United States*, 383 F.3d 409, 416 (6th Cir. 2004). In this case the objective evidence demonstrates a plea offer was not presented to the petitioner's trial attorney.

reasonableness." *Turner*, 858 F.2d at 1206*; Strickland* 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

For the foregoing reasons and for the reasons set forth in the Court's February 21, 2006 order and opinion, the Defendant-Petitioner's *habeas* petition, including the supplement motion, is DENIED.

The Court further finds no basis for a certificate of appealability and will not issue a certificate of appealability.

The clerk is directed to forward a copy of this order to the petitioner at the following address:

> Craig Forest
> FCI Elkton
> P.O. Box 10
> Lisbon, Ohio 44432

A copy of this order shall be mailed to the warden of FCI Elkton.  The court requests that the warden certify by July 24, 2006, that a copy of this order has been delivered to the petitioner and identify the employee of FCI Elkton who delivered a copy of the order to the petitioner.

IT IS SO ORDERED.


Date: July 6, 2006                                       /s/ David D. Dowd, Jr.
                                                       David D. Dowd, Jr.
                                                       U.S. District Judge